IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY, ALABAMA

CIVIL DIVISION

THOMAS W. CAMPBELL, III

Plaintiff

V.                                                                              CIVIL ACTION NO. :

REGIONS BANK, INC.,

ITS AGENTS ACTING WITHIN THE SCOPE
AND CONTROL OF EMPLOYMENT, AND FICTITIOUS
DEFENDANTS "A", "B", AND "C", WHETHER
SINGULAR OR PLURAL, THOSE OTHER PERSONS,
CORPORATIONS OR OTHER ENTITIES WHOSE WRONGFUL
CONDUCT CAUSED OR CONTRIBUTED TO CAUSE THE
INJURIES AND DAMAGES TO THE PLAINTIFF, ALL OF WHOSE
NAMES ARE UNKNOWN AT THIS TIME BUT WILL BE SUBSTITUTED
BY AMENDMENT WHEN ASCERTAINED,

Defendants

## COMPLAINT

### STATEMENT OF THE PARTIES

1). PLAINTIFF, THOMAS W. CAMPBELL, III (hereinafter referred to as "Plaintiff") is over the age of (19) Years and resides in Montgomery County, Alabama.

2). Defendant Regions Bank, Inc., (hereinafter referred to "Region") is believed to be a domestic Corporation possibly qualified to do business in Alabama and doing business by agent in Montgomery County, Alabama.

3). Fictitious Defendants "A", "B", "C", whether singular or plural, or those other persons, firms,

corporation, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4). On or about July15, 2002, Plaintiff in his capacity as owner of his company, Tom Campbell & Associates Inc., /TCA Industries, LLC, posted an ad onto Yahoo! Com,s Internet Business Search Opportunities, whereby he sought to reach business investors to participate in his investment Banking operations.

5). On or about July 30, 2002, at approximately 1:00 p.m., Plaintiff received by U.S.P.S. Express Mail a Check totaling $150,000.00 dollars, along with a confirmation letter sent by Winter Haven Florida Hospital's President and Chief Executive Officer, Lance Anastasio, in direct response to the afore-mentioned ad posted by Plaintiff onto Yahoo!. Com's Internet posting site (see attach-mints; A-C).

6). Upon receiving the check, Plaintiff immediately called the bank on which the check was drawn (Nations Bank/Bank of America) whereby Plaintiff received an automated verification that the check Was good and payable.

7). On or about July 30, 2002, at approximately 3:00 p.m., Plaintiff, along with his father, Thomas W. Campbell, Jr. took the check to the Defendant, Regions, whereby they opened an account number: (112101003) And deposited the $150.000.00 dollar check in said account at the Defendant Regions Bank.

8). Upon entering Regions, Plaintiff was directed to Branch Manager/ Assistant Vice-President, Troy Hughes and Customer Services Representative, Bryan Probst, who advised Plaintiff that although Regions had an (11) day waiting period for checks drawn on out of town banks, Plaintiff could nevertheless return to the bank within (3) business days (August 3, 2002) to determine the status of the Check. Defendant's Agent, Hughes then placed $50,000.00 dollars of the afore-mentioned check a Certificate Of Deposit for Plaintiff and advised Plaintiff of an investing associate at Morgan-Keegan a Financial Institution, who could assist Plaintiff in the investment of the remaining $ 100,000 dollars (see Attachments-C).

9). On or about August, 2, 2002 at approximately 2:00 p.m. Plaintiff met with Defendant's Agent, Probst at Defendant Regions Bank, whereupon Mr. Probst took the afore-said check out of a folder, which had remained on his desk since the July 30, 2002 conference held with Plaintiff. Mr. Probst remained on his desk since the July 30, 2002 conference held with Plaintiff. Mr. Probst confessed that he had forgotten to deposit the check, but would do so immediately. Additionally, Mr. Probst re-called the Nations Bank/Bank of America upon which the check was drawn, and verified again through an automated teller and a live teller (Jennifer Koton) who told him that the check was good and payable.

10). Upon confirming that the check was good and payable on August 2, 2002, Mr. Probst and Mr. Hughes allowed Plaintiff to withdraw $50,000.00 dollars, $10,000.00 dollars of which was in the form of cash and travelers checks, with the balance of the funds to be released within (8) business days.

11). On or about August 2, 2002, at approximately 4:30 p.m., Plaintiff went to a used car dealer to purchase vehicles to be used in his business with funds drawn from the Defendant Regions account which he had recently opened (check# 1121010037).

12). On or about August 5, 2202, Plaintiff returned to the used car dealership to retrieve tag and title paperwork, whereupon he was arrested on 1) Theft by Deception and 2) Possession of a Forged Instrument charges brought by the Defendant Regions Bank.

13). On or about August 6, 2002, Plaintiff's father spoke with several Nations Bank/Bank of America Representatives, but eventually spoke with Nations Bank/ Bank of America official, Brian Carnes, who informed Plaintiff that Jennifer Koton, the customer service representative, who verified that the check was good and payable no longer worked for the Nations Bank/ Bank of America, and that all he say without incriminating himself is that the check was cashed on Thursday, August 1, 2002.

14). On or about August 8, 2002, Plaintiff's father spoke with representatives at Defendant Regions Bank whereby he was informed that the check had been returned to Regions, as not been properly Payable on August 5, 2002.

## COUNT I

(Constructive Trust)

Plaintiff realleges all prior paragraghs of the complaint as if fully set out here in full.

15). The Defendants Regions and Fictitious Defendants, (A-C) have obtained money from the Plaintiff by conversion or unjust enrichment, (140,000.00 dollars). The proceeds of said funds are directly traceable to the Regions Loss Prevention Banking Operations.

16). The Plaintiff is entitled to a constructive trust on said funds, and to return of the same to the Plaintiff.

WHEREFORE, the Plaintiff, THOMAS W. CAMPBELL, III, prays that this Court will impose a constructive trust of the funds (check) described in the Exhibits to the complaint and order the same restored to the possession of the Plaintiff, along with such further and other relief as this Court may deem proper.

## COUNT II

(Assumpsit- Money Had and Received)

Plaintiff realleges all prior paragraphs of the Complaint as if fully set out here in full.

17). The Defendants Regions and Fictitious Defendants (A-C), have received money from the Plaintiff under circumstances whereby their retention of said funds is unjust and wrongful against the Plaintiff. The Defendants Regions and Fictitious Defendants (A-C) have received the total sum of $140,000.00 and should be obligated to repay the same.

WHEREFORE, the Plaintiff, THOMAS W. CAMPBELL, III, prays for judgement against each Defendant for the sum of $140,000.00 dollars, along with the prejudgment interest on a liquidated sum at the rate of 6% and such further and other relief as to the Court may deem proper.

## COUNT III

(Breach of Contract)

Plaintiff realleges all prior paragraghs of the Complaint as if fully set out here in full.

18). Plaintiff THOMAS W. CAMPBELL, III entered into an express and /or implied contract with the Defendant Regions Bank by signing an "Account Card" and opening a share draft account (#0206520979) at the Defendant Regions and Fictitious Defendants (A-C).

19). The terms of that express and/or implied contract were that the Plaintiff THOMAS W. CAMPBELL, III would make deposits and withdrawals from said share account in accordance with the terms and conditions for such accounts. It was an express and /or implied condition, that although the Defendant Regions Bank and Fictitious Defendants (A-C) had an (11) day waiting period for checks drawn on out of town banks, Plaintiff was nevertheless told by Defendants that he could return to the bank within (3) business days if the check cleared within these (3) days.

20). Defendant Regions Bank and Fictitious Defendants(A-C) breached said contract by first verifying that the check was good and payable and releasing said funds to Plaintiff, and then without warning initiating an unfounded arrest warrant against Plaintiff for possession of a forged instrument, (the check in question) and theft by deception as it relates to the aforesaid check.

WHEREFORE, the Plaintiff, THOMAS W. CAMPBELL, III, prays for judgment against Defendant Regions Bank and Fictitious Defendants (A-C) for the sum of $140,000.00 dollars, along with pre-judgment interest on a liquidated sum at the rate of 6% and such further and other relief as the Court may deem proper.

COUNT IV

(Payment or Acceptance by Mistake)

Plaintiff realleges all prior paragraphs of the Complaints if fully set out here in full.

21). The Defendant Regions Bank and Fictitious Defendant (A-C) each paid and accepted the check deposited into the Regions Bank account of, THOMAS W. CAMPBELL, III.

22). Section 7-3-418 of the Code of Alabama 2002 states in pertinent part:
(b) Except as provided in subsection (c), if an instrument has been paid or accepted by mistake the person paying or accepting may, to the extent permitted by the law governing mistake and restitution, (I) recover the payment from the person to whom or for whose benefit payment was made or (ii) in the case of acceptance, may revoke the acceptance. (c) The remedies provided by subsection (b) may not be asserted against a person who took the instrument in good faith and for value, or who in good faith changed position in reliance on the payment or acceptance.

23). By paying and accepting the check deposited into the Regions Back account of THOMAS W. CAMPBELL, III, each Defendant is liable under Section 7-3-418 to the Plaintiff for payment or acceptance by mistake.

WHEREFORE, the Plaintiff, THOMAS W. CAMPBELL, III, prays for judgment against each Defendant for the sum of $140,000.00 along with prejudgment interest on a liquidated sum at the rate of 6% and such further and other relief, as the Court may deem proper.

## COUNT V

(Payor Bank's Responsibility For Late Return of Item)

Plaintiff realleges all prior paragraphs of the complaint as if fully set out here in full.

24). The Defendants Regions and Fictitious Defendants (A-C), each paid and accepted the check deposited into the Regions Bank account of THOMAS W. CAMPBELL, III.

25). Section 7-4-302 of the Code of Alabama, (2004) states in pertinent part:
(a) If an item is presented to and received by a payor bank, the bank is accountable for the amount of:
(1) A demand item, other than a documentary draft, whether properly payable or not, if the bank, in any case in which it is not also the depository bank, retains the item beyond midnight of the banking day of receipt without settling for it or, whether or not it is also the depository bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or
(2) Any other properly payable item unless, within the time allowed for acceptance or payment of that item, the bank ether accepts or pays the item or returns it and accompanying documents.

26). By paying and accepting the check deposited into the Regions Bank account of the Plaintiff, each Defendant is liable under Section 7-4-302 for the Late Return of Item.

WHEREFORE, the Plaintiff, THOMAS W. CAMPBELL, III, prays for judgment against each Defendant for the sum of $140,000.00 along with prejudgment interest on a liquidated sum at the rate of 6% and such further relief, as the court may deem proper.

## COUNT VI

(Conversion)

Plaintiff realleges all prior paragraphs of the complaint as if fully set out here in full.

27) The aforesaid conduct by Defendant Regions Bank and Fictitious Defendants (A-C), constitute conversion. Defendants Regions Bank and Fictitious Defendants (A-C) accepted, paid and re-

tained the check deposited by Plaintiff, THOMAS W. CAMPBELL, III in his Regions account. By so retaining Plaintiff's funds, Defendants Regions and Fictitious Defendants (A-C) did wrongfully take and/or wrongfully detain and/or wrongfully assume ownership and control and/or possession of said funds. Said acts by the Defendants constitute conversion in that the Plaintiff's rights were illegally and intentionally interfered with by way of said conversion of funds.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants Regions and Fictitious Defendants (A-C) in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants Regions Bank and Fictitious Defendants (A-C) and deter similar conduct in the future by similarly situated entities.

## COUNT VII

(Intentional Interference With Business Relations)

Plaintiff realleges all prior paragraphs of the Complaint as if fully set out here in full.

28).   The aforesaid conduct by Defendant Regions and Fictitious Defendants (A-C), constitute intentional Interference with Business Relations. Defendants intentionally conspired to interfere with Plaintiff's business operations by initially paying and accepting a check deposited in Plaintiffs Regions Bank account, and then with no warning initiating criminal charges against Plaintiff's for possession of a forged instument and theft by deception for the same aforesaid check, which was an unlawful attempt to harm Plaintiff and Plaintiff's business.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendantdant Regions and Fictitious Defendants (A-C) in such amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries or damages and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants Regions and Fictitious Defendants (A-C) and deter similar conduct in the future by similarly situated entities.

## COUNT VIII

(Negligence)

Plaintiff realleges all prior paragraphs of the Complaint as if fully set out here in full.

29) Plaintiff avers that the Defendants Regions Bank and Fictitious Defendants (A-C), negligently failed to prevent the physical and psychological injuries received by Plaintiff as a result of Plaintiff's arrest for charges of 1) Possession of a forged instrument and 2) Theft by deception.

30) Plaintiff avers that the Defendants described herein, had a duty to take the necessary precautions to prevent a client such as the Plaintiff from being falsely arrested, ostensibly to cover up for the Defendant Regions agents' mistakes. The Defendants breached that duty when their agents verified the check as good and payable, and then initiated an arrest warrant against the Plaintiff on: Possession of a forged instrument and theft by deception charges.

31) As a result of the Defendants' described herein, failure to adequately take precautions not to falsely accuse the Plaintiff of a mistake ostensibly made by one of their agents, and their negligent conduct, the Plaintiff was caused to suffer injuries and damages including but not limited to: Pain and suffering and mental anguish.

   WHEREFORE, premises considered, Plaintiff demands judgment against Defendants Regions Bank and Fictitious Defendants (A-C) in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries.

## COUNT IX

(Negligent Supervision)

Plaintiff realleges all prior paragraphs of the Complaint as if fully set out here in full.

32) Defendants Regions and Fictitious Defendants (A-C), negligently allowed its Agents to falsely accuse, charge and have Plaintiff arrested for mistakes made by the Defendants agents described herein.

33) As a proximate result of the Defendants' described herein negligent conduct, Plaintiff was injured and damaged as alleged in paragraph (31) above.

   WHEREFORE, premises considered, Plaintiff demands judgment against Defendants Regions and Fictitious Defendants (A-C) in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries.

## COUNT X

(Malicious Prosecution)

Plaintiff realleges all prior paragraphs of the Complaint as it fully set out here in full.

34) On or about the 5th day of August, 2002, the Defendants Regions and Fictitious Defendants (A-C), maliciously and without probable cause, obtained the issuance of a Warrant for the arrest of the

Plaintiff on charges of 1) Possession of a forged instrument and 2) Theft by deception.

35) On or about the _____ day of _____ 2004, the said charges were judicially investigated, the prosecution ended, and the Plaintiff was discharged in case number DC-2002-2238-2239 in the District Court of Montgomery County, Alabama

36) As a Proximate result of the Defendants' described herein malicious prosecution of said cause, the Plaintiff was caused to suffer the following injuries and damages: Pain and suffering, mental anguish, humiliation, embarrassment, damage to his reputation and attorney fees.

37) Plaintiff claims punitive damages due to the malicious nature of the Defendants' described herein conduct.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant Regions and Fictitious Defendants (A-C) in such amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries or damages and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants Regions and Fictitious Defendants (A-C) and deter similar conduct in the future by similarly situated entities.

## COUNT XI

(False Imprisonment)

Plaintiff realleges all prior paragraphs of the Complaint as if fully set out here in full.

38) On or about the 28th day of August 2002, the Defendants Regions and Fictitious Defendants (A-C) in Montgomery County, Alabama, did unlawfully detain the Plaintiff against the Plaintiff's will, or did unlawfully cause the Plaintiff to be arrested and imprisoned.

39) As the proximate result of the Defendants described herein, having falsely imprisoned the Plaintiff, the Plaintiff was caused to suffer the following injuries, including but not limited to: Pain and suffering, mental anguish, humiliation, embarrassment, damage to reputation and attorneys fees.

40) Plaintiff claims Punitive damages of the Defendants described herein.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant Regions and Fictitious Defendants (A-C) in such amount of compensatory damages as will reasonably and adequately compensate the Plaintiff for his injuries and damages and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants Regions and Fictitious Defendants (A-C) and deter similar conduct in the future by similarly situated entities.

/s/ Rodney Newman Caffey
RODNEY NEWMAN CAFFEY (CAF002)

RODNEY NEWMAN CAFFEY
Attorney At Law
200 SOUTH HULL STREET
Suite 202
MONTGOMERY, ALABAMA 36104
Telephone (334) 220-4310