# Exhibit "A"

IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA

THOMAS W. CAMPBELL, III )
    Plaintiff )
)
) CU-04-0290
v. ) Case No.: ~~30-104-Y-00573-05~~
)
)
)
)
REGIONS BANK, ET AL., )
    Defendant )

2006 JAN 13 PM 3:14
FILED CIRCUIT COURT OF MONTGOMERY COUNTY

MOTION FOR NEW TRIAL

**COMES** now the Plaintiff and moves the Court to set aside the ARBITRATOR'S Verdict dated the 5th day of December 2005 and the awards entered thereon, and to order a new trial, and as grounds shows as follows:

1. All parties stipulated at the final hearing to the Arbitrators determination, that the Arbitrator would be the Uniformed Commercial Code (UCC) expert. nevertheless (see attached) the ARBITRATOR'S construction of the payor Banks' acceptance of payment by mistake or fraud is in derogation of the holding of Code of Ala. #7-3-717 and the rule of Price v. Burr.,1354 (1762).

2. All parties agreed during the preliminary hearing that there would be a three-day final hearing. However, at the final hearing the Arbitrator prevented the Plaintiff from presenting his case based on timing and financial consideration.

**WHEREFORE,** Plaintiff prays the Court for a new trial.

                                          Respectfully submitted,

                                          RODNEY NEWMAN CAFFEY (CAF002)
                                          Attorney for Plaintiff

P.O. BOX 2012
Montgomery, Al. 36102
Telephone: (334) 220-4310
Fax: (706) 216-4383

JAN 23 2006

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Document on each on of the following by sending each a copy of same by first class U.S. Mail, postage prepaid and properly addressed:

1. REGIONS BANK
2. WILLIAM WELCH, ARBITRATOR
3. MARVIN C. HARRIS, LCC CASE MANAGER

DATED this 12th day of January, 2006.

_____
RODNEY NEWMAN CAFFEY (CAF002)
Attorney for the Plaintiff

| State of Alabama<br>Unified Judicial System<br>Form ARAP-25 (front)   8/91 | **DOCKETING STATEMENT**<br>Appeal to the Court of Civil Appeals | Appellate Case Number<br>(to be filled in by appellate court) |
|---|---|---|

**NOTE: COMPLETED CIVIL CASE COVER SHEET MUST BE ATTACHED**

| COUNTY | CIVIL ACTION NUMBER | TRIAL JUDGE |
|---|---|---|
| Montgomery | 30-104-Y-00573 05 | Honorable Truman Hobbs |

**PARTY FILING APPEAL (Appellant):**

Thomas W. Campbell, III

v.  **PARTY APPEALED AGAINST (Appellee):**

Regions Bank

| APPELLANT'S ATTORNEY: Rodney Newman Caffey | | Telephone Number (334) 220-4310 | |
|---|---|---|---|
| Address Post Office Box 2012 | City Montgomery | State AL | Zip Code 36102 |

| APPELLEE'S ATTORNEY: Charles B. Paterson — Balch & Bingham, LLC | | Telephone Number (334) 269-3143 | |
|---|---|---|---|
| Address 2 Dexter Avenue | City Montgomery | State AL | Zip Code 36104 |

**TYPE OF APPEAL:**  ☑ Appeal    ☐ Cross-Appeal

**JURISDICTION (TYPE OF CASE):** Please check the proper description of the appealed case:

A ☐ Summary Judgment, amount claimed equal to or less than $10,000
B ☐ Judgment Amount equal to or less than $10,000
C ☐ Amount Sought in trial court $10,000 or less, judgment for defendant
D ☐ Domestic Relations
E ☐ Workmen's Compensation
F ☐ Administrative Agency
G ☐ Juvenile
H ☑ Other: Arbitration Final Hearing

**JURISDICTION (FINALITY):** Date of entry of judgment appealed from: 12 / 5 / 05 (Month/Day/Year)

1. Is the order or judgment appealed from in compliance with Rule 58, A.R.Civ.P.?  ☑ Yes ☐ No
2. Is the order or judgment appealed from a final judgment (i.e., does it dispose of the case as to all claims by all parties)?  ☑ Yes ☐ No
3. If the judgment was not final, did the trial court direct the entry of a judgment pursuant to Rule 54(b), A.R.Civ.P.?  ☐ Yes ☐ No  N/A
4. If judgment was entered pursuant to Rule 54(b), A.R.Civ.P., did the trial court expressly determine that there was no just reason for delay and expressly direct that judgment be entered?  ☐ Yes ☐ No  N/A
5. If there is no final judgment or if there has not been full compliance with Rule 54(b), A.R.Civ.P., please explain the basis for seeking appellate review and cite the authority for the appeal:
   N/A

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rule 59.1, A.R.Civ.P.):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 1 | 13 | 06 | Motion for New Trial | | | |

| Form ARAP-25 (back)   8/91 | DOCKETING STATEMENT Appeal to the Court of Civil Appeals |
|---|---|

**CONSTITUTIONAL ISSUES:**
1. Are the provisions of Rule 44, A.R.App.P., applicable to this appeal? ☐ Yes ☑ No
2. If so, have the provisions been complied with? ☐ Yes ☐ No  N/A

**NATURE OF CASE ON APPEAL:** In the left column of boxes preceeding the categories listed below, check the box (check only one) that best describes or categorizes the basis or theory of the primary issue on appeal. In the right column of boxes, check any secondary theories that are applicable to the suit. These topics need be checked only if the issues on appeal vary from the information supplied in the same columns on the civil case "cover sheet" filed in the trial court.

TORTS - Personal Injury
- A ☐☐ Bad Faith
- B ☐☐ Fraud
- C ☐☐ Legal Malpractice
- D ☐☐ Med. Malpractice
- E ☐☐ Other Malpractice
- F ☐☐ Products/AEMLD
- G ☐☐ Gen. Negligence
- H ☐☐ Vehicular Negligence
- I ☑☐ Other _Malicious Prosecution / False Imprisonment_

TORTS - Property Damage
- J ☐☐ Personalty
- K ☐☐ Realty

CONTRACTS
- L ☐☐ Commercial
- M ☐☐ Personal
- N ☐☐ Pension
- O ☐☐ Insurance
- P ☐☐ Employment
- Q ☐☑ Other _Bank's Acceptance by Mistake of Fraud_

- R ☐☐ REAL PROPERTY
- S ☐☐ CIV RTS: Prisoner
- T ☐☐ CIV RTS: Other
- U ☐☐ Other _____

EQUITY/Non-Damages Action
- V ☐☐ Domestic Relations
- W ☐☐ Declar. Judgment
- X ☐☐ Injunc. Commercial
- Y ☐☐ Injunc. Employment

- Z ☐☐ Injunc. Other
- 1 ☐☐ Extrord. Writ
- 2 ☐☐ Other _____

STATUTES/RULES
- 3 ☐☐ Admin. Agency
- 4 ☐☐ Term. Parental Rts.
- 5 ☐☐ Workmen's Comp.
- 6 ☐☐ Wrongful Death
- 7 ☐☐ Other: _____

**IF THE CASE WENT TO TRIAL, HOW MANY DAYS DID THE TRIAL TAKE?** Three day Final Hearing was Shortened by Arbitrator to one day.

**BRIEFLY SUMMARIZE THE ISSUE(S) ON APPEAL. THIS INFORMATION IS FOR CASE PROCESSING AND STATISTICAL PURPOSES ONLY.**

The Arbitrator summarily shortened three day final hearing, to only one day, ostensibly for financial and/or timing reasons, which rendered the plaintiff bereft of his day in Court.

The Arbitrator stipulated to being the expert on the Uniform Commercial Code, yet misconstructed the common law holding of the finality of payment rule as it relates to a bank's acceptance of a fraudulent payment by mistake.

**WITHOUT ARGUMENT, BRIEFLY SUMMARIZE THE FACTS TO INFORM THE COURT OF THE NATURE OF THE CASE. THIS INFORMATION IS FOR CASE PROCESSING AND STATISTICAL PURPOSES ONLY.**

Plaintiff Thomas W. Campbell presented a check to Defendant Regions Bank, which unbeknownst to Plaintiff turned out to be fraudulent. Although Defendant Regions Bank initially verified the check as good and payable, they subsequently filed criminal charges against the Plaintiff, which did not withstand a Grand Jury's inquisition.

**SETTLEMENT CONFERENCE:** The Court may require that this appeal be subject to a moderated settlement conference. Do you think the case on appeal would be appropriate for such a conference? ☑ Yes ☐ No
Explain: _The Plaintiff remains willing to discuss settlement of the case_

**FILING DATE OF NOTICE OF APPEAL:** _1/13/06_

1/13/06                              Rodney Nevvin-Effey (CAF002)

| State of Alabama<br>Unified Judicial System<br><br>ARAP-1 (front)    Rev. 1/97 | **NOTICE OF APPEAL TO THE** (Check appropriate block)<br>☐ SUPREME COURT OF ALABAMA<br>☒ COURT OF CIVIL APPEALS OF ALABAMA | Civil Action Number:<br><br>30-104-y005730S |
|---|---|---|

IN THE CIRCUIT COURT OF  _Montgomery_  COUNTY, ALABAMA

APPELLANT
_Thomas W. Campbell, III_
v. APPELLEE
_Regions Bank_
TRIAL JUDGE
_Honorable Truman Hobbs (Arbitrator - William Welch)_

DATE OF JUDGMENT: _12/5/05_        DATE OF POST-JUDGMENT ORDER:

NOTICE IS HEREBY GIVEN THAT _Thomas W. Campbell, III_ appeal(s) to the above-named court from the  ☐ Final Judgment  ☒ Order _Arbitrator Welch's_ entered in this cause.
(describing it)

CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

**SUPREME COURT**
1. ☐ Summary Judgment, amount claimed more than $ 50,000
2. ☐ Judgment Amount exceeds $50,000
3. ☐ Amount Sought in trial court more than $50,000, judgment for defendant
4. ☐ Equitable Relief, except for domestic relations
5. ☐ Other: _____

**COURT OF CIVIL APPEALS**
1. ☐ Summary Judgment, amount claimed $50,000 or less
2. ☐ Judgment Amount $50,000 or less
3. ☐ Amount Sought $50,000 or less, judgment for defendant
4. ☐ Workmen's Compensation
5. ☐ Domestic Relations
6. ☒ Other: _Arbitrator's Order_

ELLANT FILES WITH THIS NOTICE OF APPEAL:
1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ _____
3. ☐ Deposited cash security in the amount of $ _____

4. ☐ Is exempted by law from giving security for costs of appeal by virtue of _____

Filed _____
(Date)

Address _____
_____
Telephone Number

CERTIFIED AS A TRUE COPY

_____
Circuit Clerk                Appellant or Attorney for Appellant

[Stamp: 2006 JAN 13 PM 3:44 FILED CIRCUIT COURT OF MONTGOMERY COUNTY]

**SECURITY FOR COSTS**
We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this _____ day of _____, _____.

Filed and approved: _____
(Date)

Appellant-principal _____                                            (L.S.)

_____                                            (L.S.)
Surety

_____                                            (L.S.)
Circuit Clerk                                Surety
(Amended November 9, 1976; October 1, 1991.)

**SUPERSEDEAS BOND**
We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____ in the sum of _____ Dollars, for the payment of which we bind ourselves, and each other, our heirs, executors, I( for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

| Form ARAP-1 (back) | Rev. 1/97 | NOTICE OF APPEAL TO THE | ☐ Supreme Court of Alabama | ☑ Court of Civil Appeals of Alabama |

WHEREAS, the above-named appellee(s) recovered a judgment against appellant(s) for the sum of _____ D
(and the further acts or duty _____
[describing judgment in addition to or other than for money only] _____ Dollars, the costs in that behalf expended.

NOW, therefore, the condition of the foregoing obligation is such that, if the appellant shall prosecute this appeal to effect, and satisfy such judgment, penalties, and costs, including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.

Executed with our seals this _____ day of _____, _____.

Filed and approved: _____        _____ (L.S.)
                        (Date)                  Appellant-Principal
                                            _____ (L.S.)
                                                  Surety
_____              _____ (L.S.)
Circuit Clerk                                    Surety

EXECUTION OF JUDGMENT STAYED:

Bond fixed at: $ _____     _____
(Not required for money judgment only.)          Circuit Judge

## DESIGNATION OF RECORD ON APPEAL

DESIGNATION OF CLERK'S RECORD: Appellant requests the clerk of include the following checked materials in the clerk's record:

1. ☑ Complaint
2. ☑ Answer
3. ☑ Counterclaim
4. ☐ Cross-Claim
5. ☐ Third-party Complaint
6. ☐ Third-party Answer
7. ☑ Motion to dismiss
8. ☐ Pretrial order

9. ☑ Entire record (less those items set forth in Rule 10(a))
10. ☑ Motion for summary judgment
11. ☑ Opposition to motion for summary judgment
12. ☑ Final (Judgment) (Order)
13. ☑ Motion for New Trial
14. ☑ Ruling on Motion
15. ☐ Others: _____
16. ☐ Exhibit Number: _____

## TRANSCRIPT STATUS

☑ Transcript will not be ordered. [See Rule 10(b), ARAP.]
☐ Transcript will be ordered. [See Rules 10(b)(2) and 11(a)(2), ARAP, Form 1A or 1B.] Court reporter(s):
_____
_____

NOTE: If more than one court reporter was involved in this case, you must file a Transcript Purchase Order Form in compliance with Rules 10(b) and 11(c), Form 1A or 1B of the ARAP, for each court reporter.
(Amended October 1, 1991.)

## CERTIFICATE OF FILING

I certify that I have this date filed with the clerk of the trial court the original and _____ copies of the foregoing notice of appeal (along with $100 docket fee), and such other instruments as have been completed and included herein. A true copy of each of these items will be served by the clerk of the trial court on each of the following:

1) Clerk of the appellate court, (the $100 docket fee shall be transmitted with this filing).
2) Court Reporter.
3) Counsel for appellee, or appellee if no counsel.
   Name: Charles B. Paterson (Balch + Bingham, LLC)
   Address: 2 Dexter Avenue Montgomery, AL 36104

DATED this 13 day of January, 2006.

_____
Attorney for Appellant (Rodney Newman)

(Amended October 1, 1991.)

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Southeast Case Management Center
Chauncey B. Davis
Vice President

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

# FAX

Date: December 5, 2005

To
Rodney N. Caffey
467 Gold Bullion Drive West
Dawsonville, GA 30534

Charles B. Paterson, Esq
Balch & Bingham LLP
2 Dexter Avenue
Montgomery, AL 36104

Fax Number: 706-216-4383; 334-269-3115; 866-736-3857

From: Marvin C. Harris

Number of Pages: (including cover) 9

Re: 30 104 Y 00573 05
Thomas W. Campbell
and
Regions Bank, Troy Hughes & Bryan Probst as agents

MESSAGE: Final Award

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Southeast Case Management Center*
Chauncey B. Davis
Vice President

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

December 5, 2005

VIA FACSIMILE

Rodney N. Caffey
467 Gold Bullion Drive West
Dawsonville, GA 30534

Charles B. Paterson, Esq
Balch & Bingham LLP
2 Dexter Avenue
Montgomery, AL 36104

Re: 30 104 Y 00573 05
    Thomas W. Campbell
    and
    Regions Bank, Troy Hughes & Bryan Probst as agents

Gentlemen:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the Association.

At this time we have verified with the arbitrators that they have submitted all requests for compensation and expenses in this matter. Accordingly, we have conducted a final reconciliation of the finances and are providing each party with a Financial History and Compensation Summary. If a party had any unused compensation deposits, we have issued a refund check that should arrive in the mail shortly. If a party has an outstanding balance, that party will continue to receive cyclical invoices until the balance is paid.

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, pursuant to the Rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the final award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

We appreciate your selection of the AAA as your alternative dispute resolution provider in this matter. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

Marvin C. Harris
LCC Case Manager
888 320 3502
Harrism@adr.org

*Supervisor Information: Allyson C. Calohan, 404 320 5102, Calohana@adr.org*

Encl.

cc: William F. Welch, Esq.

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

---

In the Matter of Arbitration between

THOMAS CAMPBELL (Claimant)

And                                                         AWARD OF ARBITRATOR

REGIONS BANK,

(Respondent)

CASE NO. 30 104 Y 00573 05

---

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named Parties and undersigned having earlier dismissed certain Respondent Parties originally named by Agreement of the Parties, the Arbitrator duly heard the proofs and allegations of the parties, and AWARDS as follows:

1. Claimant has asserted both equitable and legal claims against Respondent.[1] The Arbitrator agrees with Respondent that the equitable claims fail because the theories of recovery are inapplicable to the instant case and Claimant does not have the requisite "clean hands" to prevail on the equitable claims.

   Further, the Arbitrator is not persuaded by Claimant's legal claims and agrees with Respondent's defenses and theories of non-liability.[2]

   Accordingly, no award is made to Claimant on his claims in this arbitration.

---

[1] Claimant, a self-styled investment banker, who promotes through the internet, readily admitted at the hearing that he had lied under oath at his deposition. Also, his testimony about the origin of the $150,000 check at issue in this case was not convincing.

[2] Under no reasonable construction of the law cited by Claimant, including but not limited to the law urged by Claimant at the hearing, to wit:, Code of Ala. § 7-3-717 (Presentment Warranties) or the Rule of *Price v. Burr.*, 1354 (1762), can the Claimant recover in this case on the fraudulent $150,000 check.

2. On Respondent's counterclaim, since it was the draw[...]ations Bank, whose mistaken oral advice to Respondent occasioned the advance by Respondent to Claimant, no award is made to Respondent on the counterclaim.

3. All other claims not expressly granted herein are hereby, Denied.

4. The attorney's fee of each party shall be borne by that party, as incurred.

5. The administrative fees and expenses of the American Arbitration Association totaling SEVENTY-ONE THOUSAND SEVEN HUNDRED DOLLARS AND NO CENTS ($71,700.00) and the compensation and expenses of the neutral Arbitrator totaling EIGHT THOUSAND FIVE HUNDRED SEVENTY-FIVE DOLLARS AND FORTY-SEVEN CENTS ($8,575.47) shall be borne as incurred.

This AWARD is in full settlement of all claims and counterclaims submitted to this arbitration.

SIGNED: _____          DATE: December 5, 2005
William F. Welch, Arbitrator

11/28/2005

Thomas W. Campbell
and
Regions Bank, Troy Hughes & Bryan Probst as agents

| | |
|---|---|
| Case Manager: | MARVIN HARRIS |
| Case Number: | 30 104 00573 05 |
| Close Type: | Awarded |

| | |
|---|---|
| Total Administrative Fees and Expenses | $ 71,700.00 |
| Total Neutral Compensation and Expenses | $ 8,575.47 |

*Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, per section R-43 of the rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

### THOMAS W. CAMPBELL

**Administrative Fees and Expenses:**

| | |
|---|---:|
| Filing Fees: $ | 65,000.00 |
| Case Service Fees: $ | 6,000.00 |
| Hearing Room Expenses: $ | 0.00 |
| AAA Hearing Room Rental: $ | 0.00 |

Your Share of Administrative Fees and Expenses: $ 71,000.00
Amounts Paid for Administrative Fees and Expenses: $ 750.00
Balance Administrative Fees and Expenses: $ 70,250.00

**Neutral Compensation and Expenses:**

William F. Welch: $ 8,575.47

Your Share of Neutral Compensation and Expenses: $ 4,287.74
Amounts Paid for Neutral Compensation and Expenses: $ 500.00
Balance Neutral Compensation and Expenses: $ 3,787.74

Party Balance: $ 74,037.74

| REGIONS BANK, TROY HUGHES & BRYAN PROBST AS AGENTS | |
|---|---|
| **Administrative Fees and Expenses:** | |
| Filing Fees: $ | 500.00 |
| Case Service Fees: $ | 200.00 |
| Hearing Room Expenses: $ | 0.00 |
| AAA Hearing Room Rental: $ | 0.00 |

Your Share of Administrative Fees and Expenses: $ 700.00
Amounts Paid for Administrative Fees and Expenses: $ 0.00
Balance Administrative Fees and Expenses: $ 700.00

**Neutral Compensation and Expenses:**

William F. Welch: $ 8,575.47

Your Share of Neutral Compensation and Expenses: $ 4,287.74
Amounts Paid for Neutral Compensation and Expenses: $ 4,822.50
Balance Neutral Compensation and Expenses: $ (534.76)

Party Balance: $ 165.24

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

2200 Century Parkway
Suite 500
Atlanta, GA 30345

**This is Not an Invoice**

# FINANCIAL HISTORY

## Administrative Fees

| Ref # | Date | Description | Amount |
|---|---|---|---|
| 9088429 | 06/08/2005 | Initial Administrative Fee | 65,000.00 |
|  | 06/08/2005 | Cancellation - Billed in Error | -65,000.00 |
| 9088450 | 06/08/2005 | Case Service Fee | 6,000.00 |
|  | 06/08/2005 | Deferral : Financial Hardship Request Granted | -6,000.00 |
| 9088460 | 06/08/2005 | Initial Administrative Fee | 750.00 |
| 9088461 | 06/08/2005 | Initial Administrative Fee | 64,250.00 |
|  | 06/08/2005 | Deferral : Financial Hardship Request Granted | -64,250.00 |
|  |  | **Subtotal - Administrative Fees :** | **750.00** |

## Neutral Fees and Expenses

| Ref # | Date | Description | Amount |
|---|---|---|---|
| 9130207 | 09/08/2005 | Your Share of the Neutral Compensation Deposit covering 2 days of Hearing | 2,360.00 |
| 9130209 | 09/08/2005 | Your Share of the Neutral Compensation Deposit covering 12 hours of Study | 1,770.00 |
|  | 11/28/2005 | Cancellation : End of Case Adjustment | -29.50 |
| 9130214 | 09/08/2005 | Your Share of Neutral's Travel Time covering 6 hours of Travel | 442.50 |
|  | 11/28/2005 | Cancellation : End of Case Adjustment | -442.50 |
| 9130217 | 09/08/2005 | Your share of the arbitrator expense deposit | 250.00 |
|  | 11/28/2005 | Cancellation : End of Case Adjustment | -82.76 |
|  |  | **Subtotal - Neutral Fees and Expenses :** | **4,267.74** |
|  |  | **Net Total of All Charges :** | **5,037.74** |

## Payments and Refunds

| Ref # | Date | Description | Amount |
|---|---|---|---|
| 541216982 | 06/08/2005 | Payment recvd from : STARRIE CAMPBELL | 500.00 |
| 541216982 | 06/08/2005 | Payment recvd from : STARRIE L. CAMPBELL | 250.00 |
| 218 | 10/11/2005 | Payment recvd from : RODNEY NEWMAN CAFFEY | 500.00 |
|  |  | **Net Total of All Payments :** | **1,250.00** |

**$3,787.74**

DEC. 5. 2005 5:41PM                                                                                                     NO. 7433    P. 9/9

## Case Financial Summary by Party

American Arbitration Association
December 5, 2005

Case #: 30-104-Y-00573-05
Case Id: 3N2005000573
Party#: 1

| Invoice# | Transaction Date | Bill Code | Source Code | Fees Billed | Fees Collected | Bill Code 90, 91, 94, 95 Billed | Bill Code 90, 91, 94, 95 Collected | Expenses Billed | Expenses Collected | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 9130217 | 09/06/2005 | 91 | BILL | | | 250 | | | | Your share of the arbitrator expenses deposit |
| 9130217 | 11/28/2005 | 91 | C/AJ | | | -62.76 | | | | End of Case Adjustment |
| 9130214 | 08/05/2005 | 90 | BILL | | | 442.5 | | | | Your Share of Neutral's Travel Time covering 6 hours of Travel |
| 9130214 | 11/28/2005 | 90 | C/AJ | | | -442.5 | | | | End of Case Adjustment |
| 9130209 | 09/06/2005 | 90 | BILL | | | 1,770 | | | | Your Share of the Neutral Compensation Deposit covering 12 hours of Study |
| 9130209 | 11/28/2005 | 90 | C/AJ | | | -29.5 | | | | End of Case Adjustment |
| 9130207 | 09/06/2005 | 90 | BILL | | | 2,360 | | | | Your Share of the Neutral Compensation Deposit covering 2 days of Hearing |
| 9130207 | 10/11/2005 | EC | CASH | | | | 500 | | | RODNEY NEWMAN CAFFEY |
| 9088451 | 08/08/2005 | 92 | BILL | 64,250 | | | | | | Initial Administrative Fee |
| 9088451 | 08/08/2005 | 92 | DEF | -64,250 | | | | | | Financial Hardship Request Granted |
| 9088450 | 08/08/2005 | 02 | BILL | 750 | | | | | | Initial Administrative Fee |
| 9088450 | 08/08/2005 | PP | CASH | | 500 | | | | | STARRIE CAMPBELL |
| 9088450 | 08/08/2005 | FP | CASH | | 250 | | | | | Case Service Fee |
| 9088430 | 08/08/2005 | 28 | BILL | 6,000 | | | | | | Initial Administrative Fee |
| 9088430 | 08/08/2005 | 28 | DEF | -6,000 | | | | | | Financial Hardship Request Granted |
| 9088429 | 08/08/2005 | 02 | BILL | 65,000 | | | | | | Initial Administrative Fee |
| 9088429 | 08/08/2005 | 02 | C/AJ | -65,000 | | | | | | Billed in Error |
| | Party Total: | | | 750 | 750 | 4,287.74 | 500 | 0 | 0 | |
| | Case Total: | | | 1,450 | 1,284.77 | 8,575.47 | 4,787.73 | 0 | 0 | |

Cas5223r.rep                                                                                                            Page 1